**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANA L. QUIROGA,               ) | Case No.: 2:10-cv-01366-GMN-RJJ |
| )                              Plaintiff,      ) | **ORDER** |
| vs.                            ) | |
| )                              | |
| MICHAEL W. CHEN; CHASE HOME    ) | |
| FINANCE LLC; CAL-WESTERN       ) | |
| RECONVEYANCE CORP.,            ) | |
| )                              | |
| Defendants.                    ) | |
| )                              | |

**INTRODUCTION**

Before this Court is Plaintiff's Motion for Temporary Restraining Order (#2) and Preliminary and Permanent Injunction (#3). Plaintiff seeks a stay of the foreclosure sale of his property. Defendants have not filed any opposition with the Court thus far.

The Court has considered the pleadings and arguments offered by the Plaintiff. IT IS HEREBY ORDERED THAT Plaintiff's Motion for a Temporary Restraining Order (#2) and Preliminary and Permanent Injunction (#3) is DENIED.

**BACKGROUND**

The Complaint (#1) does not provide a coherent history regarding the foreclosure proceedings for which the temporary restraining order and preliminary injunction are requested. Based on the memorandum granting Defendant's Motion to Dismiss (Complaint #1, Exhibit A), this dispute began in February 2005 stemming from Plaintiff's voluntary filing of Chapter 13 Bankruptcy. An order terminating the automatic stay was granted on December 17, 2007 by the United States Bankruptcy Court, District of Nevada allowing defendant Chase to proceed with

foreclosure proceedings of Plaintiff's property located at 3705 Colfax Circle Las Vegas, NV 89108 ("Property"). (Ch. 13 Bankruptcy No.: 05-10691-MKN, #48). It appears that Plaintiff appealed the decision to this Court, but then failed to prosecute the action. Therefore, the Court dismissed the appeal without prejudice on July 18, 2008. (Case No. 2:08-cv-00148-BES-PAL, #12). Plaintiff filed this suit following the receipt of five notices on July 26, 2010 that the Property would be sold by Defendants on August 12, 2010 at a public sale. Plaintiff filed suit on August 11, 2010 and filed these motions for temporary restraining order (#2) and preliminary and permanent injunction (#3).

## DISCUSSION

**A. Legal Standard**

Under Fed. R. Civ. P. 65(b), plaintiffs must make a showing that immediate and irreparable injury, loss or damage will result to plaintiff if the order is not issued to support their motion for a temporary restraining order. Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001) ("The standard for issuing a preliminary injunction is the same as the standard for issuing a temporary restraining order."). The standard for obtaining *ex parte* relief under Rule 65 is very stringent. *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). The temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

The Ninth Circuit in the past set forth two separate sets of criteria for determining

whether to grant preliminary injunctive relief:

> Under the traditional test, a plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). The alternative test requires that a plaintiff demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.

*Taylor v. Westly*, 488 F.3d 1197, 1200 (9th Cir. 2007). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.*

The Supreme Court recently reiterated, however, that a plaintiff seeking an injunction must demonstrate that irreparable harm is "*likely*," not just possible. *Winter v. NRDC*, 129 S. Ct. 365, 37476 (2008) (rejecting the Ninth Circuits alternative "sliding scale" test). The Ninth Circuit has explicitly recognized that its "possibility" test was "definitively refuted" by *Winter*, and that "[t]he proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 129 S. Ct. at 374) (reversing a district court's use of the Ninth Circuit's pre-*Winter*, "sliding-scale" standard and remanding for application of the proper standard).

A recent Ninth Circuit ruling relying largely on the dissenting opinion in *Winter* parsed the language of *Winter* and subsequent Ninth Circuit rulings and ruled that the sliding scale test remains viable when there is a lesser showing of likelihood of success on the merits amounting to "serious questions," but not when there is a lesser showing of likelihood of irreparable harm. *See Alliance for the Wild Rockies v. Cottrell*, No. 09-35756, 2010 WL 2926463, at *5–7 (9th Cir.

July 28, 2010). As a preliminary matter, to the extent this interpretation of *Winter* is inconsistent with that in *Selecky*, *Selecky* controls. *See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc) (holding that, in the absence of an intervening Supreme Court decision, only the en banc court may overrule a decision by a three-judge panel). In any case, the Supreme Court has made clear that a movant must show both "that he is *likely* to succeed on the merits [and] that he is *likely* to suffer irreparable harm in the absence of preliminary relief . . . ." *Winter*, 129 S. Ct. at 374 (citing *Munaf v. Geren,* 128 S. Ct. 2207, 2218–19 (2008); *Amoco Prod. Co. v. Gambell,* 480 U.S. 531, 542 (1987); *Weinberger v. Romero-Barcelo,* 456 U.S. 305, 311–12 (1982)) (emphases added). To satisfy *Winter*, the movant must show that he is "likely" to succeed on the merits. To the extent the *Cottrell* court meant to imply that its "serious questions" standard was a lesser standard than "likely," it is inconsistent with *Winter* and *Selecky*. The Court must reconcile the cases by interpreting the *Cottrell* "serious questions" requirement to be in harmony with the *Winter*/*Selecky* "likelihood" standard, not as being in competition with it. The movant must therefore show that there are serious questions as to the merits of the case such that success on the merits is likely. A claim can be weaker on the merits if it raises "serious questions" and the amount of harm the injunction will prevent is very great, but the chance of success on the merits cannot be weaker than "likely."

Plaintiff seeking permanent injunction must demonstrate that: (1) it has suffered irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering balance of hardships between plaintiff and defendant, remedy in equity is warranted; and (4) public interest would not be disserved by permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006). The standard for issuing a permanent injunction is substantially the same as that applied to a request for preliminary

injunctive relief.  Applying the foregoing analyses to the present case it appears that Plaintiff's requests should be denied.

**B. Analysis**

Considering Plaintiff's likelihood of success, Plaintiff's Complaint alleges 1) Defendants did not provide adequate notice of the sale of foreclosure, 2) that Defendants Chase and Cal-Western did not provide proof in the form of executed assignment that they are in actuality the holder and owner of the note and mortgage in the first foreclosure proceeding and 3) that Defendant Chase forced Plaintiff to have Insurance on his home.   Plaintiff's last cause of action does not really specify how it will affect the foreclosure proceedings.  Plaintiff's assertions of law appear to ignore the ability of parties in Nevada to conduct a nonjudicial foreclosure pursuant to Nevada Revised Statute § 107.080(2)(b).

Plaintiff's first claim that he was not provided adequate notice is unpersuasive.  Plaintiff admits that he received five separate "Notice of Trustee Sale" envelops by July 26, 2010, seventeen days before the foreclosure sale.  Furthermore, the Bankruptcy Court ruled over two years ago that Chase could proceed with foreclosure proceedings.  The Plaintiff had the opportunity to appeal the decision of the Bankruptcy Court and failed to prosecute his case.  Instead, the Plaintiff made no effort to perfect his appeal and waited until the day before the foreclosure sale to file this motion for a temporary restraining order and injunctive relief.  Plaintiff does not assert that how the Defendants did not comply with a nonjudicial foreclosure pursuant to Nevada Revised Statute § 107.080 and thus does not show how he will likely succeed on this claim.

Plaintiff's second claim that Defendants Chase and Cal-Western are not the holder of the note to foreclose is likewise unconvincing.  The only state apparently to have directly addressed

the issue, Missouri, holds a foreclosure void when a party attempts to foreclose without holding title to the underlying promissory note. *Graham v. Oliver*, 659 S.W.2d 601, 603 (Mo. App. 1983) (citing *Cobe v. Lovan*, 92 S.W. 93 (Mo. 1906) (holding that such a foreclosure sale is void)). There is no Nevada case law on point, but this is a commonsense rule. A person without the right to enforce an obligation cannot have recourse to repossess collateral even if he possesses a security instrument, because he has not suffered a default. This is consistent with Nevada Revised Statute § 104.3301, which allows a negotiable instruments to be enforced by the holder of the note or a nonholder in possession of the note who has the rights of a holder. Moreover, with mortgages, a contrary rule could result in the odd situation that the holder of a promissory note and the respective holder of a deed of trust, when not the same person, or when the latter was not the agent or "nominee" of the former, would potentially be competing creditors as to the underlying property when the former had not given its right to elect foreclosure to the latter. The law avoids this situation by holding that, "the mortgage goes with the note." *Rodney*, 836 P.2d at 436 (quoting *Hill*, 52 Ariz. at 568).

Although Plaintiff alleges that Chase and Cal-Western were not properly assigned the note and mortgage the Bankruptcy Court did grant the order terminating the automatic stay with regard to Chase allowing the foreclosure proceeding to take place. Without proof of the non-assignment it would be hard for Plaintiff to demonstrate the possibility of success given the prior ruling of the Bankruptcy Court. Accordingly, a temporary restraining order or preliminary injunction is not in order, because Plaintiff has not met his burden for imposing such relief. Plaintiff has not established a strong likelihood of success on the merits.

Further, while the other factors, the possibility of irreparable injury, the balance of hardships, and, possibly, the advancement of the public interest, likely favor Plaintiff, these do

not overcome the weakness of Plaintiffs' claims.

## CONCLUSION

IT IS HEREBY ORDERED THAT Plaintiff's Motion for Temporary Restraining Order (#2) and Preliminary and Permanent Injunction (#3) are DENIED.

DATED this 17th day of August, 2010.

_____
Gloria M. Navarro
United States District Judge